NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1124-15T2

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

EYVONNE ALEXANDER, a/k/a
EYVONNE D. ALEXANDER,
EVYONNE D. BULLOCK,

 Defendant-Appellant.

 Submitted June 7, 2017 – Decided June 28, 2017

 Before Judges Simonelli and Carroll.

 On appeal from the Superior Court of New
 Jersey, Law Division, Union County, Indictment
 No. 09-02-0184.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Andrew P. Slowinski, Designated
 Counsel, on the brief).

 Grace H. Park, Acting Union County Prosecutor,
 attorney for respondent (Cynthia L. Ritter,
 Special Deputy Attorney General/Acting
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM
 Defendant Eyvonne Alexander appeals from the denial of her

petition for post-conviction relief (PCR) without an evidentiary

hearing. For the reasons that follow, we affirm.

 Following a bench trial, defendant was convicted of first-

degree kidnapping by unlawfully removing a child from a place of

business with the purpose to permanently deprive a parent of

custody, N.J.S.A. 2C:13-1b(4) (count one); and first-degree

kidnapping by unlawfully removing a child a substantial distance

from the vicinity where the child was found with the purpose to

permanently deprive a parent of custody, N.J.S.A. 2C:13-1b(4)

(count two). The trial judge imposed concurrent twenty-year terms

of imprisonment with an eighty-five percent period of parole

ineligibility pursuant to the No Early Release Act, N.J.S.A.

2C:43-7.2.

 On appeal, we affirmed defendant's conviction and sentence

on count two. State v. Alexander, No. A-3298-11 (App. Div. May

27, 2014) (slip op. at 3). However, we reversed defendant's

conviction on count one, finding that N.J.S.A. 2C:13-1b(4) was

inapplicable to the charged conduct because defendant did not take

the victim from defendant's own place of business. Id. at 5. We

remanded to the trial court solely to amend the judgment of

conviction. Id. at 6. The Supreme Court thereafter denied

certification. State v. Alexander, 220 N.J. 99 (2014).

 2 A-1124-15T2
 The facts underlying defendant's conviction are set forth in

our earlier opinion. We repeat them here to lend context to the

issues raised by defendant in her PCR petition that followed:

 On October 16, 2008, defendant took a three-
 year-old child, J.A., from a store in
 Elizabeth without the permission of the
 child's mother. Defendant took J.A. to her
 boyfriend's place of business and then to her
 home in Rahway, which was approximately 5.68
 miles from the store in Elizabeth. While at
 her home, defendant changed J.A.'s clothing
 and hairstyle and removed a necklace bearing
 the child's name. She then returned to her
 boyfriend's place of business, where she was
 arrested.

 Defendant did not dispute she took J.A.
 from the store without the mother's
 permission. The issue at trial was her state
 of mind. The State claimed that she took J.A.
 in order to pass her off to her boyfriend as
 his child. Defendant claimed she was insane,
 mentally ill, or thought J.A. had been
 abandoned, was in danger, and needed her
 protection. The trial was essentially a
 "battle of the experts" who testified about
 defendant's mental state.

 [Alexander, supra, slip op. at 3-4.]

 On January 7, 2015, defendant filed a pro se PCR petition in

which she failed to specify any factual basis or legal argument

upon which her claim for relief was based. With the assistance

of PCR counsel who was thereafter appointed, defendant filed an

amended petition asserting that she was denied the effective

assistance of trial counsel. Specifically, defendant contended

 3 A-1124-15T2
that trial counsel was ineffective by: (1) failing to prepare the

defense expert witness, Dr. Dawn Hughes, for trial or to call any

other witnesses to offer testimony regarding defendant's mental

disease or defect; and (2) stipulating to certain facts, which

thus prevented defendant from offering witness testimony relevant

to a showing of mental disease or defect.

 Judge Robert J. Mega, who was also the trial judge, denied

defendant's petition by order dated September 28, 2015. The judge

issued a comprehensive written decision on the same date setting

forth his findings and reasons for denying defendant any relief.

Based on the detailed findings set forth in his opinion, Judge

Mega concluded that defendant failed to satisfy the two-prong test

of Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052,

2064, 80 L. Ed. 2d 674, 693 (1984), which requires a showing that

trial counsel's performance was deficient and that, but for the

deficient performance, the result would have been different.

 With respect to defendant's first argument, that counsel

failed to conduct a proper pre-trial investigation or interview

Dr. Hughes, Judge Mega noted it was incumbent upon defendant to

"do more than make bald assertions that [s]he was denied the

effective assistance of counsel." State v. Cummings, 321 N.J.

Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999).

Rather, a defendant must assert facts that "an investigation would

 4 A-1124-15T2
have revealed, supported by affidavits or certifications based

upon the personal knowledge of the affiant or the person making

the certification." Ibid. (citing R. 1:6-6). In rejecting

defendant's argument, the judge explained:

 Applying this analytical framework, the
 court finds that defendant has failed to
 present any competent evidence in support of
 her claim regarding trial counsel's alleged
 inadequate investigation. Defendant has not
 submitted any certifications or affidavits
 from other expert witnesses and has not made
 any proffer with respect to the testimony of
 same. Similarly, [d]efendant's assertion that
 trial counsel failed to prepare Dr. Hughes for
 trial is unsupported by the record before the
 [c]ourt and no documents have been offered to
 support the claim. Defendant makes this claim
 solely based on Dr. Hughes' performance while
 testifying.

 The [c]ourt notes that counsel for both
 [d]efendant and the State conducted vigorous
 and extensive examinations of the experts.
 Each side had ample time and opportunity to
 question the experts on both cross and re-
 direct examinations. [The] State's expert[,]
 John Brick, Ph.D., was cross-examined twice
 by defense counsel. Kenneth Weiss, M.D.[,]
 was also cross-examined twice by the defense.
 Defendant's expert, Dawn Hughes, Ph.D., had
 the longest testimony. The [c]ourt
 specifically noted in its opinion that during
 her testimony, Dr. Hughes - while having a
 command of the subject area - gave an evasive
 answer when she was directly asked the key
 question of whether [d]efendant knew or did
 not know that taking the child was wrong. Dr.
 Hughes attempted to explain [d]efendant's
 action by reasoning that [d]efendant believed
 she was protecting the child. The [c]ourt
 identified this as an omission of the obvious

 5 A-1124-15T2
 and a lack of candor with the [c]ourt, not as
 a sign of unpreparedness.

 Consequently, the court finds that these
 allegations of ineffectiveness are based
 entirely on bald assertions and are "too
 vague, conclusory, or speculative to warrant
 an evidentiary hearing." [State v. Marshall,
 148 N.J. 89, 158 (1997)]. Accordingly, the
 court does not find that trial counsel's
 performance in this regard was objectively
 deficient under Strickland. Having found that
 [defendant] fails to satisfy the first prong
 of the Strickland test, this court need not
 determine whether there is "a reasonable
 probability that, but for counsel's
 unprofessional errors, the result of the
 proceeding would have been different."
 Strickland, 466 U.S. at 694[, 104 S. Ct. at
 2068, 80 L. Ed. 2d at 698].

 Turning to defendant's second contention, Judge Mega found

that:

 [T]rial counsel's decision to stipulate to
 certain facts did not fall below an objective
 standard of reasonableness. The agreed-upon
 stipulations were sound trial strategy and do
 not meet the first prong of the Strickland
 test for ineffectiveness. Moreover, the
 [c]ourt had the ability to accept or reject
 the stipulated facts based on its own
 determination of their weight. Thus,
 [d]efendant has failed to make a prima facie
 showing on prong one – that trial counsel's
 performance was deficient as measured by an
 objective standard of reasonableness.

 Further, notwithstanding that
 [d]efendant failed under prong one,
 [d]efendant fails prong two, as no evidence
 has been presented to this [c]ourt that the
 outcome would have changed by counsel doing
 anything that [d]efendant alleges counsel

 6 A-1124-15T2
 failed to do. For example, no evidence has
 been presented that the decision to stipulate
 certain facts prejudiced [d]efendant in any
 way.

 Judge Mega concluded that because defendant did not establish

a prima facie showing of ineffective assistance of counsel, no

evidentiary hearing was required. This appeal followed, in which

defendant presents the following issues for our consideration:

 POINT I

 DEFENDANT'S CONVICTION SHOULD BE VACATED AS
 THE TRIAL JUDGE DID NOT ADEQUATELY ASSESS
 WHETHER DEFENDANT'S WAIVER OF HER RIGHT TO A
 JURY TRIAL WAS KNOWING AND VOLUNTARY UNDER THE
 TOTALITY OF THE CIRCUMSTANCES. (NOT RAISED
 BELOW).

 POINT II

 DEFENDANT'S CONVICTION SHOULD BE VACATED AS
 THE TRIAL COURT RELIED ON A VIDEOTAPED
 STATEMENT OF DEFENDANT'S INTERROGATION TAKEN
 IN VIOLATION OF HER FIFTH AMENDMENT RIGHTS
 UNDER MIRANDA V. ARIZONA.[1] (NOT RAISED
 BELOW).

 POINT III

 THE PCR COURT'S DECISION SHOULD BE REVERSED
 AS DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE
 OF COUNSEL AT TRIAL IN VIOLATION OF HER RIGHTS
 UNDER THE SIXTH AMENDMENT OF THE UNITED STATES
 CONSTITUTION AND ARTICLE 10, PARAGRAPH 11 OF
 THE NEW JERSEY CONSTITUTION.

1
 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

 7 A-1124-15T2
 POINT IV

 THE PCR COURT'S DECISION SHOULD BE REVERSED
 AND THIS MATTER REMANDED TO THE LAW DIVISION
 AS DEFENDANT'S PCR COUNSEL PROVIDED
 INEFFECTIVE ASSISTANCE IN REPRESENTING HER
 BEFORE THE PCR COURT. (NOT RAISED BELOW).

 When petitioning for PCR, the defendant must establish, by a

preponderance of the credible evidence, that he or she is entitled

to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013);

State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that

burden, the defendant must allege and articulate specific facts

that "provide the court with an adequate basis on which to rest

its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

 As Judge Mega aptly noted, the mere raising of a claim for

PCR does not entitle the defendant to an evidentiary hearing and

the defendant "must do more than make bald assertions that [s]he

was denied the effective assistance of counsel." Cummings, supra,

321 N.J. Super. at 170. Rather, trial courts should grant

evidentiary hearings and make a determination on the merits only

if the defendant has presented a prima facie claim of ineffective

assistance. Preciose, supra, 129 N.J. at 462. To establish a

prima facie claim of ineffective assistance of counsel, the

defendant is obliged to show not only the particular manner in

which counsel's performance was deficient, but also that the

deficiency prejudiced her right to a fair trial. Strickland,

 8 A-1124-15T2
supra, 466 U.S. at 687, l04 S. Ct. at 2064, 80 L. Ed. 2d at 693;

State v. Fritz, 105 N.J. 42, 58 (1987).

 There is a strong presumption that counsel "rendered adequate

assistance and made all significant decisions in the exercise of

reasonable professional judgment." Strickland, supra, 466 U.S.

at 690, 104 S. Ct. at 2066, 80 L. Ed. 2d at 695. Further, because

prejudice is not presumed, Fritz, supra, 105 N.J. at 52, a

defendant must demonstrate with "reasonable probability" that the

result would have been different had he received proper advice

from his trial attorney. Lafler v. Cooper, 566 U.S. 156, 163, 132

S. Ct. 1376, 1384, 182 L. Ed. 2d 398, 406-07 (2012).

 We have considered defendant's contentions with respect to

the issues raised before the PCR court in light of the record and

applicable legal principles and conclude that they are without

sufficient merit to warrant discussion in a written opinion. R.

2:11-3(e)(2). We therefore affirm on the issues raised in Point

III of defendant's brief substantially for the reasons expressed

by Judge Mega in his well-reasoned September 28, 2015 written

opinion.

 In Points I and II of her brief, defendant raises new issues

that were not the subject of her PCR petition nor her argument

before the PCR court. Specifically, defendant argues (1) that the

trial court improperly allowed her to waive her right to a jury

 9 A-1124-15T2
trial without ensuring that her waiver was knowing and voluntary;

and (2) defendant's statement was taken in violation of her Fifth

Amendment rights. Defendant further contends that PCR counsel was

ineffective in failing to raise these issues, and in advancing the

issues that were presented to the PCR court.

 A PCR petition is not a substitute for an appeal of a

conviction, Rule 3:22-3, and any available ground for relief not

asserted in a prior proceeding is barred if it could have been

raised earlier, Rule 3:22-4. Accordingly, defendant's belated

claims concerning the waiver of her right to a jury trial and the

violation of her Miranda rights are procedurally barred because

they could and should have been raised on direct appeal. R.

3:22-4; State v. Afanador, 151 N.J. 41, 50 (1997).

 Nor will we address the merits of these contentions, as they

were not previously raised in defendant's PCR petition, not argued

before the PCR court, and do not involve jurisdictional or public

interest concerns. State v. Robinson, 200 N.J. 1, 20 (2009);

State v. Arthur, 184 N.J. 307, 327 (2005); Nieder v. Royal Indem.

Ins. Co., 62 N.J. 229, 234 (1973). For similar reasons, we choose

to withhold our review of claims about PCR counsel, which are

generally reserved for "second or subsequent" PCR petitions. R.

3:22-4(b)(2)(C).

 Affirmed.

 10 A-1124-15T2